IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERIC J. ONTIVEROS, | ) | No. C 06-02122 CW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF SERVICE AND REFERRING |
| | ) | CASE TO PRO SE PRISONER |
| v. | ) | SETTLEMENT PROGRAM |
| | ) | |
| HAYWARD POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

INTRODUCTION

Plaintiff Eric J. Ontiveros has filed a <u>pro se</u> civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has been granted leave to proceed <u>in forma pauperis</u>.

BACKGROUND

According to the allegations in the complaint, Plaintiff was subjected to improper force during the course of his arrest. Plaintiff alleges that on May 20, 2004, while he was in a vehicle parked in the driveway of his friend's residence, "two plain unmarked vehicles (vans) immediately surrounded [his] vehicle and 8 to 10 officers jumped out of both vans and immediately attacked [him] while [he] was seated" in his vehicle.  (Compl. at 3.)  He was "shot in [his] body several times" by a taser, but he was "neither resisting nor attempting to flea [sic]."  (<u>Id.</u>)  The officers then "forcefully removed [him] from the vehicle and began kicking, punching . . . and shot [him] a few times on [his] back while [he] was on the floor."  (<u>Id.</u>)  He was also "hit on [his] left eye and on top of [his] head with a hard object."  (<u>Id.</u>)  He was then transported by ambulance to a hospital.  (<u>Id.</u>)

**United States District Court**
For the Northern District of California

1    Plaintiff states a physician "discovered ten different areas

2  to [his] body" where he had been shot by a taser."  (Compl.

3  Attach., Pl.'s "Accurate Account of Actions" at 2.)  He was treated

4  for open wounds above his left eye and on the back of his head.

5  (<u>Id.</u>)  Plaintiff also told the physician that he "felt excruciating

6  pain in the neck and body."  (<u>Id.</u>)

7    Plaintiff seeks monetary damages for his physical and mental

8  injuries.

9                         DISCUSSION

10 I.   Standard of Review

11    A federal court must conduct a preliminary screening in any

12 case in which a prisoner seeks redress from a governmental entity

13 or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

14 § 1915A(a).  In its review, the court must identify cognizable

15 claims and dismiss any claims that are frivolous, malicious, fail

16 to state a claim upon which relief may be granted or seek monetary

17 relief from a defendant who is immune from such relief.  <u>See</u> <u>id.</u>

18 § 1915A(b)(1),(2).  <u>Pro se</u> pleadings must, however, be liberally

19 construed.  <u>See</u> <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696,

20 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a

21 plaintiff must allege two essential elements: (1) that a right

22 secured by the Constitution or laws of the United States was

23 violated, and (2) that the alleged violation was committed by a

24 person acting under the color of state law.  <u>See</u> <u>West v. Atkins</u>,

25 487 U.S. 42, 48 (1988).

26 II.  Excessive Force During Arrest

27    According to the allegations in the complaint, eight to ten

28 officers from the Hayward Police Department used excessive force

against Plaintiff when they arrested him on May 20, 2004.

A claim that a law enforcement officer used excessive force in the course of an arrest or other seizure is analyzed under the Fourth Amendment reasonableness standard.  See Graham v. Connor, 490 U.S. 386, 394-95 (1989); Forrester v. City of San Diego, 25 F.3d 804, 806 (9th Cir. 1994), cert. denied, 513 U.S. 1152 (1995). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake."  See Graham, 490 U.S. at 396 (citations omitted).

Plaintiff claims that the officers beat him and shot him with a taser several times.  Plaintiff alleges that he did not resist arrest or attempt to flee.  Liberally construed, Plaintiff's complaint states a cognizable Fourth Amendment claim.

III. Defendants

Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  See Leer, 844 F.2d at 633.  The inquiry into causation must be individualized and focus on the duties and responsibilities of each

3

**United States District Court**
For the Northern District of California

individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.  See id.  Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" violation of his protected rights.  Id. at 634.

A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted).  A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor may be liable for implementing "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."  Redman, 942 F.2d at 1446; see Jeffers v. Gomez, 267 F.3d 895, 917 (9th Cir. 2001).

A.   Municipal Liability Defendant

Plaintiff alleges that the use of force was sanctioned by the policies and practices of the Hayward Police Department.  Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where their official policy or custom causes a constitutional tort, see Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees

under the theory of respondeat superior, see Board of County

Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Monell, 436 U.S. at

691; Fuller v. City of Oakland, 47 F.3d 1522, 1534 (9th Cir. 1995).

To impose municipal liability under § 1983 for a violation of

constitutional rights, a plaintiff must show: (1) that the

plaintiff possessed a constitutional right of which he or she was

deprived; (2) that the municipality had a policy; (3) that this

policy amounts to deliberate indifference to the plaintiff's

constitutional rights; and (4) that the policy is the moving force

behind the constitutional violation.  See Plumeau v. School Dist.

No. 40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997).

Plaintiff contends that the use of excessive force by the

Hayward Police Department on May 20, 2004 is an example of its

"aggressive actions."  (Compl. Attach. at 3.)  He claims he filed a

complaint with the Office of Ethical Standards against the Hayward

Police Department.  (Compl. at 2.)  Liberally construed,

Plaintiff's allegations are sufficient to state a cognizable

municipal liability claim against the Hayward Police Department.

See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th

Cir. 2002) (holding that it is improper to dismiss on the pleadings

alone a § 1983 complaint alleging municipal liability even if claim

is based on nothing more than bare allegation that individual

employee's conduct conformed to official policy, conduct or

practice); accord Leatherman v. Tarrant County Narcotics

Intelligence & Coordination Unit, 507 U.S. 163, 168-69 (1993)

(allegations of municipal liability do not require heightened

pleading standard).

**United States District Court**
For the Northern District of California

B.   Doe Defendants

Plaintiff names the "officers of the Hayward Police Dept." as Defendants.  He contends that there were eight to ten Hayward police officers involved in the encounter.  These officers are Doe Defendants whose names he apparently intends to learn through discovery.  The use of Doe Defendants is not favored in the Ninth Circuit.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  However, where the identity of alleged defendants cannot be known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify them.  Id. Failure to afford the plaintiff such an opportunity is error.  See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, Plaintiff's claims against the Doe Defendants are DISMISSED.  Should Plaintiff learn the identities of the Hayward police officers who used excessive force against him, he may move for leave to amend to add them as named defendants.  See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

IV.   Pro Se Prisoner Settlement Program

This case has been pending for almost three years and the events at issue occurred more than four years ago.  If the case must go to trial even further delay in resolution will be incurred, as will expenses.  Having considered all of these factors, the Court finds that it is in the best interests of the parties and judicial efficiency to refer this action to a Magistrate Judge for court-ordered settlement proceedings.

The Northern District of California has established a Pro Se Prisoner Settlement Program.  Certain prisoner civil rights cases

may be referred to a neutral magistrate judge for settlement proceedings.  The proceedings will consist of one or more conferences as determined by Magistrate Judge Nandor Vadas.  The conferences shall be conducted at a location to be determined by Magistrate Judge Vadas with Plaintiff, who has since been released from custody, as well as Defendant and/or the representative for Defendant attending.

Good cause appearing, the present case will be REFERRED to Magistrate Judge Vadas for settlement proceedings pursuant to the Pro Se Prisoner Settlement Program.  The proceedings shall take place within ninety (90) days after the date of this Order; or as soon thereafter as is convenient to the magistrate judge's calendar.  Magistrate Judge Vadas shall coordinate a time and date for a settlement proceeding with all interested parties and/or their representatives and, within ten (10) days after the conclusion of the settlement proceedings, file with the Court a report regarding the settlement proceedings.

CONCLUSION

1.    Plaintiff's complaint states a cognizable excessive force claim, and a cognizable municipal liability claim against the Hayward Police Department.

2.    Plaintiff's claims against the Doe Defendants are DISMISSED.  Should Plaintiff learn the identities of the Hayward police officers who used excessive force against him, he may move for leave to amend to add them as named defendants.  See Brass, 328 F.3d at 1195-98.

3.    Plaintiff's action is referred to the Pro Se Prisoner

United States District Court
For the Northern District of California

Settlement Program.  <u>The Clerk of the Court shall provide a copy of</u>
<u>the court documents that are not available electronically,</u>
<u>including a copy of this Order, to Magistrate Judge Vadas in</u>
<u>Eureka, California.</u>

4.    The Clerk of the Court shall mail a Notice of Lawsuit and
Request for Waiver of Service of Summons, two copies of the Waiver
of Service of Summons, a copy of the complaint and all attachments
thereto (docket no. 1) and a copy of this Order upon:  <u>the Hayward</u>
<u>Police Department</u>.  The Clerk of the Court shall also mail copies
of the complaint, supplemental complaint and this Order to the City
Attorney of the City of Hayward.  Additionally, the Clerk shall
serve a copy of this Order upon Plaintiff.

5.    Defendant is cautioned that Rule 4 of the Federal Rules
of Civil Procedure requires Defendant to cooperate in saving
unnecessary costs of service of the summons and complaint.
Pursuant to Rule 4, if Defendant, after being notified of this
action and asked by the Court, on behalf of Plaintiff, to waive
service of the summons, fail to do so, Defendant will be required
to bear the cost of such service unless good cause be shown for
Defendant's failure to sign and return the waiver form.  If service
is waived, this action will proceed as if Defendant had been served
on the date that the waiver is filed, except that pursuant to Rule
12(a)(1)(B), Defendant will not be required to serve and file an
answer before <u>sixty (60) days</u> from the date on which the request
for waiver was sent.  (This allows a longer time to respond than
would be required if formal service of summons is necessary.)
Defendant is asked to read the statement set forth at the foot of

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due <u>sixty (60) days</u> from the date on which the request for waiver was sent or <u>twenty (20) days</u> from the date the waiver form is filed, whichever is later.

6.   Defendant shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

a.   No later than <u>thirty (30) days</u> from the date the answer is due, Defendant shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

b.   Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than <u>thirty (30) days</u> after the date on which Defendant's motion is filed.  The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11

          Rule 56 tells you what you must do in order to
     oppose a motion for summary judgment.  Generally, summary
     judgment must be granted when there is no genuine issue
     of material fact -- that is, if there is no real dispute
     about any fact that would affect the result of your case,
     the party who asked for summary judgment is entitled to
     judgment as a matter of law, which will end your case.
     When a party you are suing makes a motion for summary
     judgment that is properly supported by declarations (or
     other sworn testimony), you cannot simply rely on what
     your complaint says.  Instead, you must set out specific
     facts in declarations, depositions, answers to
     interrogatories, or authenticated documents, as provided
     in Rule 56(e), that contradict the facts shown in the
     defendant's declarations and documents and show that
     there is a genuine issue of material fact for trial.  If
     you do not submit your own evidence in opposition,
     summary judgment, if appropriate, may be entered against
     you.  If summary judgment is granted [in favor of the
     defendants], your case will be dismissed and there will
     be no trial.

12  See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en

13  banc).

14      Plaintiff is advised to read Rule 56 of the Federal Rules of

15  Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)

16  (party opposing summary judgment must come forward with evidence

17  showing triable issues of material fact on every essential element

18  of his claim).  Plaintiff is cautioned that because he bears the

19  burden of proving his allegations in this case, he must be prepared

20  to produce evidence in support of those allegations when he files

21  his opposition to Defendant's dispositive motion.  Such evidence

22  may include sworn declarations from himself and other witnesses to

23  the incident, and copies of documents authenticated by sworn

24  declaration.  Plaintiff will not be able to avoid summary judgment

25  simply by repeating the allegations of his complaint.

26          c.  If Defendant wishes to file a reply brief, Defendant

27  shall do so no later than fifteen (15) days after the date

28

                                  10

Plaintiff's opposition is filed.

d.   The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

7.   Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

8.   All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

9.   It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

10.   Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than <u>fifteen (15) days</u> prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED:  10/20/08

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ERIC J. ONTIVEROS,                                      Case Number: CV06-02122 CW

        Plaintiff,                                **CERTIFICATE OF SERVICE**

  v.

HAYWARD POLICE DEPARTMENT et al,

        Defendant.
_____/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 20, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eric J. Ontiveros
1780 A St., Apt. #11
Castro Valley,  CA 94546

Magistrate Judge Nador Vadas
U.S. District Court
514 H Street
P.O. Box 1306
Eureka, CA  95502

Dated: October 20, 2008

                               Richard W. Wieking, Clerk
                               By: Sheilah Cahill, Deputy Clerk