IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC J. ONTIVEROS,<br><br>      Plaintiff,<br><br>   v.<br><br>BRYAN MATTHEWS and DAVID DORN,<br><br>      Defendants.<br>_____/ | No. 06-cv-2122 CW<br><br>PRELIMINARY JURY INSTRUCTIONS |

**DUTY OF THE JURY**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be. It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any

personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some or ignore others; they are all important.

## CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

In this lawsuit Plaintiff Eric Ontiveros has sued Hayward Police Officers Bryan Matthews and David Dorn.

Plaintiff claims that Defendant Officers Matthews and Dorn violated his constitutional rights, under the Fourth, Amendment, by using excessive force against him when arresting him on May 20, 2004.

Defendants contend that their actions were taken in response to Plaintiff's failure to follow orders and resistance to arrest, and were objectively reasonable, and therefore not excessive.

Plaintiff has the burden of proving his claims by a preponderance of the evidence.

## BURDEN OF PROOF--PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

2

You should base your decision on all of the evidence, regardless of which party presented it.

## TWO OR MORE DEFENDANTS

You should decide the case as to each Defendant separately. Unless otherwise stated, the instructions apply to all parties.

## WHAT IS EVIDENCE

The evidence you are to consider, in deciding what the facts are, consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which the lawyers may agree.

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they will say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of

3

evidence.  You should not be influenced by the objection or by the Court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you see or hear when Court is not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a

4

witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)  the opportunity and ability of the witness to see or hear or know the things testified to;

(2)  the witness's memory;

(3)  the witness's manner while testifying;

(4)  the witness's interest in the outcome of the case and any bias or prejudice;

(5)  whether other evidence contradicts the witness's testimony;

(6)  the reasonableness of the witness's testimony in light of all the evidence; and

(7)  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

5

**POLICE OFFICER WITNESSES**

A police officer who takes the witness stand subjects his or her testimony to the same examination and the same tests that any other witness does.  You should weigh and balance an officer's testimony just as carefully as you would the testimony of any other witness.

**EXPERT OPINION [if applicable]**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witnesses' education and experience, the reasons given for the opinion and all the other evidence in the case.

**TRANSLATION/INTERPRETATION [if applicable]**

Spanish may be used during this trial.  The evidence to be considered by you is only that provided through the official court interpreters and translators.  Although you may know Spanish, it is important that all jurors consider the same evidence.  Therefore, you must accept the English interpretation and translation.  You must disregard any different meaning.  You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

6

**OUTLINE OF TRIAL**

The trial will proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

Plaintiff will then present evidence, and counsel for Defendants may cross examine. Then Defendants may present evidence, and counsel for Plaintiff may cross examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**CIVIL RIGHTS CLAIM – INTRODUCTORY INSTRUCTION**

Plaintiff brings a claim under the federal civil rights statute, which provides that any person who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**CIVIL RIGHTS CLAIM – ELEMENTS AND BURDEN OF PROOF**

The parties agree that Defendants acted under color of state law. Therefore, in order to prevail on his federal civil rights claim against Defendants, Plaintiff must prove by a preponderance of the evidence that Defendants' acts

7

deprived him of his rights under the United States Constitution.

In this case, Plaintiff has alleged that Officers Matthews and Dorn violated his constitutional rights under the Fourth Amendment by using unreasonable force against him. Plaintiff alleges that Officer Matthews unreasonably used a non-lethal weapon and that both officers struck him repeatedly after he had been placed under arrest.

### FOURTH AMENDMENT RIGHTS – UNREASONABLE FORCE

In general, an arrest of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest.  Thus, in order to prove that either or both Defendants arrested him unreasonably in this case, Plaintiff must prove by a preponderance of the evidence that either or both Defendants used excessive force when they arrested Plaintiff.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all the circumstances.  In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.  Police officers are not required to use the least intrusive degree of force possible. Not every use of force, even if it may seem unnecessary in hindsight, violates the Fourth Amendment.

8

In determining whether Defendants used excessive force in this case, consider all of the circumstances known to Defendants on the scene, including:

1. The severity of the crime or other circumstances to which Defendants were responding;

2. Whether Plaintiff posed an immediate threat to Defendants' safety or to others' safety;

3. Whether Plaintiff was actively resisting arrest or attempting to evade arrest by flight;

4. The amount of time and any changing circumstances during which Defendants had to determine the type and amount of force that appeared to be necessary;

5. The type and amount of force used; and

6. The availability of other methods to take Plaintiff into custody or subdue him.

**NEGLIGENCE AND RECKLESSNESS INSUFFICIENT FOR LIABILITY**

A police officer's failure to exercise due care in the exercise of his duties is not sufficient to constitute a violation of federal Constitutional rights. If you find that Plaintiff suffered an injury due to negligence by Defendants, therefore, such negligence does not constitute a federal Constitutional violation. Even recklessness does not violate the federal Constitution. Therefore, if you find that Defendants acted negligently or recklessly, that does not constitute a violation of Plaintiff's constitutional rights.

9

**ADDITIONAL QUESTION FOR THE JURY**

If you find that Officer Matthews used unreasonable force against Plaintiff by using the non-lethal weapon, you will also be asked whether he did so at the order of his supervisor, and if so whether he believed that it was a reasonable order.

**COMPENSATORY DAMAGES**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you return a verdict for Plaintiff, then you must award him damages, which means the sum of money you believe will fairly and justly compensate him for any injury you believe he actually suffered as a direct consequence of a Defendant's conduct.

You may award actual damages only for those injuries which you find that Plaintiff has proven by a preponderance of the evidence. Moreover, you may award actual damages only for those injuries which you find Plaintiff has proven by preponderance of the evidence to have been the direct result of a Defendant's conduct that violated Plaintiff's rights. That is, you may not simply award actual damages for any injury suffered by Plaintiff -- you may award actual damages only for those injuries that are a direct result of actions

10

by Defendants and that are a direct result of conduct by Defendants which violated Plaintiff's rights.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. It is for you to determine what damages, if any, have been proved.

### MEASURES OF TYPES OF DAMAGES

In determining the measure of damages, you should consider:

1. The nature and extent of the injuries;

2. The mental, physical, and emotional pain and suffering Plaintiff experienced and which, with reasonable probability, he will experience in the future.

3. The reasonable value of necessary medical care, treatment, and services which with reasonable probability will be required in the future. **[If applicable]**

### NOMINAL DAMAGES

The law which applies to this case authorizes an award of nominal damages. If you find for Plaintiff but you find that Plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

### NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence. You will

11

not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as

12

to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, on Facebook, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in this case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not

13

make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information please notify the court immediately.

Dated: April 29, 2011

_____
CLAUDIA WILKEN
United States District Judge

14